IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America<br><br>Plaintiff(s),<br><br>v.<br><br>David Kotlicky<br><br>Defendant(s). | Case No. 12 cr 904-2<br>Judge Virginia M. Kendall |

## ORDER

Kotlicky's motion for return of forfeitures that were canceled [578] is dismissed as moot in light of the Government's representation that it will return all property that remains in its possession that was not previously subject to administrative forfeiture proceedings. To the extent the motion seeks the return of property already subject to administrative forfeiture by the USSS or civil forfeiture in state court, the motion is denied.

## STATEMENT

David Kotlicky was charged in 19 counts of a 33 count indictment for his involvement in a scheme to create and cash counterfeit checks. (Dkt. No. 14). Kotlicky entered into a plea agreement with the Government (Dkt. No. 462) and pled guilty to one count of bank fraud and one count of identity theft. (Dkt. No. 460). As part of the plea agreement, the Government agreed to move to dismiss the indictment's forfeiture allegation once the Court imposed sentence. The Government honored that clause following sentencing and the Court granted the motion. (Dkt. No. 563). Kotlicky then filed a motion seeking the return of property in light of the dismissal of the indictment's forfeiture allegation. (Dkt. No. 578). Specifically, Kotlicky seeks the return of a 55-inch flat screen television, a 2003 yellow Chevrolet Monte Carlo, approximately $5,100 in United States currency, and all other times pertaining to his criminal case in the Government's possession. (*Id.*). For the reasons stated below, the motion is dismissed in part as moot and denied in part.

The motion is dismissed as moot to the extent it seeks property that remains in the possession of the Government and was not previously subject to administrative forfeiture. The Government represents that the only such items that remain in its possession are cell phones, a thumb drive, and two prepaid Visa cards. (Dkt. No. 582). The Government further represents that it will direct an agent to return these items to Kotlicky's grandmother. (*Id.* p. 2).

The motion is denied to the extent that it seeks the return of the 55-inch flat screen television, the approximately $5,100 in United States currency, and the 2003 Chevrolet Monte Carlo. These items were subject to administrative and civil forfeiture wholly separate from the Government's agreement to dismiss the forfeiture allegation in the indictment. Thus, the dismissal of the

indictment's forfeiture allegation had no impact on property already forfeited in administrative or civil proceedings and Kotlicky's motion does not provide any reason that the underlying forfeitures were improper. *See United States v. Nichols*, 564 F. App'x 851, 853 (7th Cir. 2014) ("The only way to set aside a civil forfeiture . . . is by filing a motion under the Civil Asset Forfeiture Reform Act[.]"); *see also* 18 U.S.C. § 983(e)(5) ("A motion filed under this subsection shall be the *exclusive* remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.") (emphasis added). Kotlicky does not attack the propriety of the forfeiture proceedings, nor does he allege that he did not receive adequate notice. *Cf. United States v. Turner*, 494 F. App'x 647, 649 (7th Cir. 2012). The only ground for relief that Kotlicky points to in his one-page motion is the Court's dismissal of the indictment's forfeiture allegation at sentencing. (Dkt. No. 578). The Court took no action at sentencing related to property that had been forfeited in any other proceeding and declines to take any such action now.

Moreover, the Government has provided ample evidence that the underlying forfeitures complied with applicable statutes and the requirements of due process. The Secret Service initiated administrative forfeiture actions against the television and the currency after Secret Service agents seized those items at the time of Kotlicky's arrest. (Dkt. No. 582 Ex. 1). The items were forfeited pursuant to 18 U.S.C. § 981(a)(1)(C) on July 31, 2012. (Dkt. No. 582 Ex. 1 p. 2). Kotlicky does not provide any reason for the Court to question the propriety of these forfeitures or the Secret Service's compliance with the Civil Asset Forfeiture Reform Act. Indeed, the Secret Service mailed notice of its intent to proceed with the administrative forfeiture to Kotlicky at two separate addresses and published notice three times in the Wall Street Journal. (*Id.* Ex. 2) This notice comports with the requirements of due process. *See Lobzun v. United States*, 422 F.3d 503, 507 (7th Cir. 2005). Similarly, the Illinois State's Attorney's Office initiated forfeiture proceedings in DuPage County Circuit Court against the 2003 Monte Carlo that the Downers Grove Police Department seized. That court entered an order awarding the vehicle to the Downers Grove Police Department on March 14. 2013. (Dkt. No. 582 Ex. 3). Again, Kotlicky has provided no reason for the Court to question the propriety of that proceeding. Thus, Kotlicky's motion is denied to the extent it seeks the return of property previously subject to forfeiture.

Date: 4/14/2015

Virginia M. Kendall
United States District Judge